Ariadne Panagopoulou (AP-2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Luis Nieves, *on behalf of himself and others similarly situated,* | Civil Case No.: ____-cv-____ (__) |
| Plaintiff, | |
| -v- | **COMPLAINT** |
| 2477 Arthur Avenue Management LLC, 2477 Arthur Avenue Realty Corp., 2479 Arthur Avenue Realty Corp., Biba Kajtazi, and Elizabeth Kajtazi, *in their individual and professional capacity,* | |
| Defendants. | |

### NATURE OF THE ACTION

1.  Plaintiff Luis Nieves brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages and overtime compensation. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, meal break violations, and notice and record-keeping requirements.

## SUMMARY

2. Plaintiff was employed by 2477 Arthur Avenue Management LLC, 2477 Arthur Avenue Realty Corp., 2479 Arthur Avenue Realty Corp., Biba Kajtazi, and Elizabeth Kajtazi (collectively "Defendants") from 2004 until April 2016.

3. Plaintiff was employed as a building superintendent in four premises collectively owned by Defendants, namely: 2473 Arthur Avenue, Bronx, NY 10458, 2475 Arthur Avenue, Bronx, NY 10458, 2477 Arthur Avenue, Bronx, NY 10458, and 2479 Arthur Avenue, Bronx, NY 10458.

4. The Defendants offered the Plaintiff an apartment in the year 2008 in their premises located at 2475 Arthur Avenue, Bronx, NY 10458 for a monthly rent of $600.

5. During the start of his employment, the Plaintiff was promised payment of $1000 per week for performing his duties as a building superintendent in all the above-mentioned premises. However, Plaintiff was never paid any wages.

6. Defendants only provided the Plaintiff with cash throughout the week enough to compensate for expenses towards jobs done by him during the week.

7. Defendants have repeatedly deprived Plaintiff of his lawfully earned wages and overtime compensation, over the period of twelve years he was employed by the Defendants.

8. The Individual Defendants are associated and are joint employers, act in the interest of each other with respect to Corporate Defendants' employees, and have common policies and practices as to wages and hours.

9. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

10. As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

## JURISDICTION AND VENUE

**Federal Question Jurisdiction and Supplemental Jurisdiction**

11. This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).

**Personal Jurisdiction**

12. This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

13. Venue is proper in the Southern District of New York under 8 U.S.C. §§1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiff)

**Luis Nieves**

14. Plaintiff Luis Nieves ("Nieves") is an adult individual residing in the state of New York, County of Bronx.

15. Nieves is a covered employee within the meaning of the FLSA, 29 U.S.C. §

3

203(e) and the NYLL § 190.

16. Nieves was employed as a building superintendent at all of the following premises: (i) 2473 Arthur Avenue, Bronx, NY 10458; (ii) 2475 Arthur Avenue, Bronx, NY 10458; (iii) 2477 Arthur Avenue, Bronx, NY 10458; and (iv) 2479 Arthur Avenue, Bronx, NY 10458.

17. All the above premises were owned and managed jointly by the Individual and Corporate Defendants.

18. The Defendants offered the Plaintiff an apartment in the year 2008 in their premises located at 2475 Arthur Avenue, Bronx, NY 10458 for a monthly rent of $600.

19. The four properties located at Arthur Avenue contain both residential and commercial units.

20. The commercial units include "Michael Angelo's Coal Oven Bakery" located at 2477 Arthur Avenue and "Simon's Deli Bagels and Donuts" located at 2479 Arthur Avenue.

21. All the above mentioned premises have been transferred by sale to Arthur Avenue East 189th LLC as of April 19, 2016. Nieves' employment was terminated when the premises were transferred.

22. During the period of his employment with Defendants, Nieves worked from Monday to Sunday each week from 8 a.m. to 9 p.m. each day and was further required to be available by phone all day. The Plaintiff worked for more than ten (10) hours without any break each day and was working for more than ninety (90) hours each week.

23. Nieves' duties included, but were not limited to, fixing the boilers and fans, electrical and gas work, painting the walls, cleaning, performing renovations, ordering

4

supplies, and being in constant communications with the residents and business managers in all units, including all commercial units.

24. Nieves was also made to do renovations and constructions for Defendants Biba and Elizabeth Kajtazi's restaurant "Michael Angelo's Coal Oven Baker" located at 2477 Arthur Avenue with the promise of being paid extra for his work. However, Nieves was never compensated for his work in the restaurant.

25. Nieves frequently engaged in interstate commerce by emailing and calling vendors from outside the State of New York to order supplies for Defendants' buildings.

26. Nieves regularly handled goods in interstate commerce, such as cleaning products and materials that were imported from outside of the State of New York.

27. At the start of his employment, Nieves was promised compensation of $1000 per week. However, Defendants Biba Kajtazi and Elizabeth Kajtazi only provided the Plaintiff with cash throughout the week to compensate for expenses towards jobs done by him during the week. He was never paid any wages.

28. Defendants repeatedly suffered or permitted Nieves to work in excess of the standard forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum for all the hours he worked.

29. The Plaintiff was never provided wage statements by Defendants for the work performed by him each week.

30. Nieves was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

31. Upon information and belief, while Defendants employed Nieves, they failed to

post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Nieves of such rights.

32. During the time period of his employment with Defendants, Nieves was never allowed to have any meal breaks.

33. Throughout the duration of his employment, Nieves did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

34. Nieves consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**(Corporate Defendants)**

35. Upon information and belief, Corporate Defendants 2477 Arthur Avenue Management LLC, 2477 Arthur Avenue Realty Corp., and 2479 Arthur Avenue Realty Corp. are related entities and operate together as a single integrated enterprise. They are owned, managed, and operated by the same core team of Individual Defendants; namely Biba Kajtazi and Elizabeth Kajtazi.

36. Upon information and belief, non-exempt workers at 2477 Arthur Avenue Management LLC, 2477 Arthur Avenue Realty Corp., and 2479 Arthur Avenue Realty Corp. perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at multiple locations without retraining.

**2477 Arthur Avenue Management LLC**

37. 2477 Arthur Avenue Management LLC is a domestic corporation formed on June 12, 2008, organized and existing under the laws of the State of New York.

38. At all relevant times, 2477 Arthur Avenue Management LLC individually and/or jointly owned and operated the following properties: (i) 2473 Arthur Avenue, Bronx, NY 10458; (ii) 2475 Arthur Avenue, Bronx, NY 10458; (iii) 2477 Arthur Avenue, Bronx, NY 10458; and (iv) 2479 Arthur Avenue, Bronx, NY 10458.

39. At all relevant times, 2477 Arthur Avenue Management LLC was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

40. At all relevant times, 2477 Arthur Avenue Management LLC maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

41. At all relevant times, 2477 Arthur Avenue Management LLC was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products and other materials that were manufactured outside the State of New York. In addition, 2477 Arthur Avenue Management LLC conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

42. Upon information and belief, at all relevant times, 2477 Arthur Avenue Management LLC's annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**2477 Arthur Avenue Realty Corp.**

43. 2477 Arthur Avenue Realty Corp. is a domestic corporation formed on August 31, 2007, organized and existing under the laws of the State of New York.

44. At all relevant times, 2477 Arthur Avenue Realty Corp. individually and/or

jointly owned and operated the following properties: (i) 2473 Arthur Avenue, Bronx, NY 10458; (ii) 2475 Arthur Avenue, Bronx, NY 10458; (iii) 2477 Arthur Avenue, Bronx, NY 10458; and (iv) 2479 Arthur Avenue, Bronx, NY 10458.

45. At all relevant times, 2477 Arthur Avenue Realty Corp. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

46. At all relevant times, 2477 Arthur Avenue Realty Corp. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

47. At all relevant times, 2477 Arthur Avenue Realty Corp. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products and other materials that were manufactured outside the State of New York. In addition, 2477 Arthur Avenue Realty Corp. conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

48. Upon information and belief, at all relevant times, 2477 Arthur Avenue Realty Corp.'s annual gross volume of sales made, or business done, was not less than $500.000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**2479 Arthur Avenue Realty Corp.**

49. 2479 Arthur Avenue Realty Corp. is a domestic corporation formed on August 31, 2007, organized and existing under the laws of the State of New York.

50. At all relevant times, 2479 Arthur Avenue Realty Corp. individually and/or jointly owned and operated the following properties: (i) 2473 Arthur Avenue, Bronx, NY

10458; (ii) 2475 Arthur Avenue, Bronx, NY 10458; (iii) 2477 Arthur Avenue, Bronx, NY 10458; and (iv) 2479 Arthur Avenue, Bronx, NY 10458.

51. At all relevant times, 2479 Arthur Avenue Realty Corp. was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

52. At all relevant times, 2479 Arthur Avenue Realty Corp. maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

53. At all relevant times, 2479 Arthur Avenue Realty Corp. was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling cleaning products and other materials that were manufactured outside the State of New York. In addition, 2479 Arthur Avenue Realty Corp. conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions outside the State of New York.

54. Upon information and belief, at all relevant times, 2479 Arthur Avenue Realty Corp.'s annual gross volume of sales made, or business done, was not less than $500,000, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(ii).

**(Individual Defendants)**

55. At all relevant times, Biba Kajtazi, Elizabeth Kajtazi, 2477 Arthur Avenue Management LLC, 2477 Arthur Avenue Realty Corp. and 2479 Arthur Avenue Realty Corp. were joint employers of Plaintiff, acted in the interest of each other with respect to all employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**Biba Kajtazi**

56. Upon information and belief, at all relevant times, Biba Kajtazi, ("Biba") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, and/or agent of Corporate Defendants.

57. At all relevant times throughout Plaintiff's employment, Biba had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

58. At all relevant times throughout Plaintiff's employment, Biba was actively involved in the day-to-day operations of the Corporate Defendants.

59. At all relevant times throughout Plaintiff's employment, Biba was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Elizabeth Kajtazi**

60. Upon information and belief, at all relevant times, Elizabeth Kajtazi, ("Elizabeth") was, at the time of Plaintiff's employment, owner, principal, authorized operator, manager, and/or agent of Corporate Defendants.

61. At all relevant times throughout Plaintiff's employment, Biba had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and

authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

62. At all relevant times throughout Plaintiff's employment, Biba was actively involved in the day-to-day operations of the Corporate Defendants.

63. At all relevant times throughout Plaintiff's employment, Biba was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## FIRST CAUSE OF ACTION

### Fair Labor Standards Act – Minimum Wages

64. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

65. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

66. At all relevant times, Defendants have been employers of Plaintiff, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

67. Defendants were required to pay directly to Plaintiff, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

68. Defendants failed to pay Plaintiff his earned minimum wages for all hours worked to which he was entitled to under the FLSA.

69. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

70. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

71. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff.

72. Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

73. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

74. Plaintiff realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

75. The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff.

76. Defendants have failed to pay Plaintiff overtime wages at a rate of one and one-half times the regular rate at which he was employed for but under no instance less than one and

one-half times the statutory minimum wage for all of the hours that he worked in excess of forty (40) hours per workweek.

77. As a result of Defendants' violations of the FLSA, Plaintiff has been deprived of overtime compensation and other wages in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

### THIRD CAUSE OF ACTION

### New York Labor Law – Minimum Wage

78. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

79. Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

80. At all relevant times referenced herein, Plaintiff has been an employee of the Defendants, and Defendants have been employers of the Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

81. The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect the Plaintiff.

82. From 2010 to December 30, 2013, the minimum hourly wage in the State of New York was $7.25, from December 31, 2013 to December 30, 2014, the minimum hourly wage was $8.00, from December 31, 2014 to December 30, 2015, the minimum hourly wage was $8.75, and from December 31, 2015 until present, the minimum hourly wage is $9.00 pursuant

to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 141-1.3.

83. Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 141-1.3.

84. Through their knowing and intentional failure to pay minimum hourly wages to the Plaintiff, Defendants have violated the NYLL Article 19, §§ 650 *et seq.*, and 12 N.Y.C.R.R. Part 141-1.3.

85. Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 141-2.3, further evincing Defendants' lack of good faith.

86. Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of NYLL § 663.

87. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FOURTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime wages

88. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89. The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

90. Defendants have failed to pay Plaintiff proper overtime to which he was entitled to at a wage rate of one and one-half times the employee's regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 141-1.4.

91. Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

92. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

93. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### FIFTH CAUSE OF ACTION

**New York Labor Law- Meal break violations**

94. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95. The meal provisions as set forth in NYLL § 162 apply to Defendants and protect Plaintiff.

96. Defendants have consistently and repeatedly failed to allow Plaintiff a meal break lasting at least thirty minutes per day for any days Plaintiff worked a shift of more than six hours extending between the hours 11:00 a.m. and 2:00 p.m. as required by NYLL § 162(2).

97. Defendants have consistently and repeatedly failed to allow Plaintiff an additional meal break lasting at least twenty minutes per day for any days Plaintiff worked a shift extending between the hours 11:00 a.m. and 7:00 p.m. as required by NYLL § 162(3).

98. Due to Defendants' violations of the NYLL, Plaintiff has suffered damages to be determined at trial by being deprived of his statutorily required meal breaks.

## SIXTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

99. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

100. Defendants have failed to provide Plaintiff with accurate wage statements listing his rate of pay; the period covered; and overtime pay, in violation of NYLL § 195(3) and 12 N.Y.C.R.R. Part 141-2.2.

101. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants One Hundred Dollars ($100) for each work week that the violations occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-d).

## SEVENTH CAUSE OF ACTION

### New York Labor Law- Failure to Provide Notice at the Time of Hiring

102. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

103. Defendants have failed to provide Plaintiff, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

104. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of fifty dollars ($50) per workweek that the violation occurred, up to a maximum of Two Thousand Five Hundred Dollars ($2,500), until February 26, 2015, and statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), thereafter, pursuant to NYLL § 198 (1-b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, New York Labor Law, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations;

B.   Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

C.   Unpaid minimum and overtime wages, under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

D.   Damages to be determined by the Court for Plaintiff's lack of meal breaks;

E.   Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

F.   An award of statutory damages for Defendants' failure to provide Plaintiff with accurate wage statements pursuant to NYLL § 198 (1-d);

G.   An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

H.   A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

I.   If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

J.   An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

K.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

L.   An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

M.   Such other relief as this Court shall deem just and proper.

Dated: Astoria, New York
       July 11, 2016

                                    Respectfully submitted,

                                    **PARDALIS & NOHAVICKA, LLP**

                            By:     */s/ Ariadne*
                                    Ariadne Panagopoulou (AP-2202)
                                    *Attorneys for the Plaintiff*
                                    35-10 Broadway, Suite 201
                                    Astoria, New York 11106
                                    Tel: 718.777.0400 | Fax: 718.777.0599
                                    Email: ari@pnlawyers.com